IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

U.S. BANK EQUIPMENT FINANCE,
 *Plaintiff*,

 v.

BOEEN TRUCKING LLC, *et al.*,
 *Defendants*.

Case No. 8:23-cv-03263-ABA

**MEMORANDUM OPINION**

Plaintiff U.S. Bank Equipment Finance ("U.S. Bank") filed suit against

Defendants Boeen Trucking LLC ("Boeen") and Omar Bowman for breach of contract,

breach of guaranty, replevin, and detinue after Defendants allegedly failed to make

timely financing payments to U.S. Bank for two trucks. Defendants did not enter an

appearance, respond to the complaint, or challenge the Clerk of Court's entry of default,

which occurred on May 2, 2025. ECF Nos. 8, 10. Thereafter, U.S. Bank filed a motion for

default judgment. ECF No. 20. Defendants again did not respond. For the following

reasons, the Court will grant the motion for default judgment.

**I.    BACKGROUND[1]**

U.S. Bank Equipment Finance is a national bank chartered in Ohio, with main

offices in Minnesota and Ohio. ECF No. 1 ¶ 1. Boeen is a Maryland LLC and Mr.

Bowman is an individual residing in Washington, D.C. *Id.* ¶¶ 2–3. In April 2022,

---

[1] When considering motions for default judgment, "the court accepts as true the well-pleaded allegations in the complaint but must determine whether those allegations 'support the relief sought in this action.'" *Parrish v. Leithman*, 733 F. Supp. 3d 371, 373 (D. Md. 2024) (quoting *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)).

Defendants entered into an agreement with U.S. Bank for a loan to finance the purchase of a truck. ECF No. 1-2 at 1. Pursuant to their agreement, Defendants agreed to make forty-eight consecutive monthly payments of $1,044.43 in exchange for U.S. Bank's financing of one 2014 Freightliner Cascadia truck. *Id.*; ECF No. 1 ¶¶ 7–8. Approximately six weeks later, Defendants entered into a second agreement with U.S. Bank to make thirty-six consecutive monthly payments of $1,775.72 in exchange for the financing of one 2013 Peterbilt truck. *Id.* ¶¶ 12–13; ECF No. 1-5 at 4. As part of both financing contracts, Mr. Bowman agreed to serve as a personal guarantor, through which he "personally guarant[ied] all of Boeen's past and present obligations to U.S. Bank." ECF No. 1 ¶¶ 9, 14; *see also* ECF No. 1-3 at 1; ECF No. 1-5 at 1. Both financing agreements included an identical choice-of-law clause specifying that disputes would "be governed by and construed in accordance with Minnesota law." ECF No. 1-2 at 2; ECF No. 1-5 at 5. Both agreements also included identical provisions titled "DEFAULT AND REMEDIES." ECF No. 1-2 at 2; ECF No. 1-5 at 5. These provisions stated that Boeen would be in default if it did "not pay any Payment or other sum due to [U.S. Bank]" or if Boeen "fail[ed] to perform in accordance with the covenants, terms and conditions of this Agreement." *Id.* The default provision further allowed U.S. Bank, in the case of default, to cancel the agreement and "require" Boeen to "pay the unpaid balance" of the loan as well as interest on the loan balance at a 12% interest rate. *Id.*

In December 2022, Boeen failed to make its monthly payment under both agreements. *Id.* ¶¶ 17-18. Boeen never made any subsequent payments, despite U.S. Bank's demands. *Id.* ¶¶ 17–19. Mr. Bowman also failed to make any payments in response to U.S. Bank's demands to him. *Id.* ¶ 20.

U.S. Bank initiated its suit in this Court in December 2023. ECF No. 1. The complaint alleged counts for breach of contract, breach of guaranty, replevin, and detinue. ECF No. 1 ¶¶ 30–58. Replevin is a request for pre-judgment repossession of property, and detinue is a request for post-judgment repossession of property. *See* Md. R. 12-601, 12-602. Neither Defendant answered or otherwise responded to the complaint, and neither has filed anything to date in this case. The Clerk entered default as to both Defendants in May 2025 upon U.S. Bank's motion. ECF No. 16–19. U.S. Bank moved for default judgment in December 2025. ECF No. 22. Defendants have not filed any opposition.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55(b) governs default judgments. Fed R. Civ. P. 55(b)(1)–(2). Default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013) (quoting *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)). When considering motions for a default judgment, "the court accepts as true the well-pleaded allegations in the complaint but must determine whether those allegations 'support the relief sought in this action.'" *Parrish,* 733 F. Supp. 3d at 373 (quoting *Ryan*, 253 F.3d at 780). If a plaintiff establishes liability under this standard, "the court must make an independent determination regarding damages and cannot accept as true factual allegations of damages." *Int'l Painters*, 919 F. Supp. 2d at 684. "While the court may conduct an evidentiary hearing to determine damages, it is not required to do so; it

may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum." *Id.* (citing *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794–95 (D. Md. 2010)).

### III.    DISCUSSION

"A federal court exercising diversity jurisdiction applies the choice of law rules of the forum state." *L-3 Commc'ns Corp. v. Serco, Inc.*, 926 F.3d 85, 96 (4th Cir. 2019). Under Maryland law, contracts are usually governed by the law of the jurisdiction where the contract was made. *Cunningham v. Feinberg,* 441 Md. 310, 326 (2015). But Maryland courts have "long recognized the ability of contracting parties to specify in their contract that the laws of a particular State will apply in any dispute over the validity, construction, or enforceability of the contract, and thereby trump the conflict of law rules that otherwise would be applied." *Jackson v. Pasadena Receivables, Inc.*, 398 Md. 611, 617 (2007). Since the parties' agreements have a Minnesota choice-of-law provision, Minnesota law governs. ECF No. 1-2 at 2; ECF No. 1-5 at 5.

### A.    Liability

U.S. Bank did not request repossession of the trucks as a remedy in their Motion for Default Judgment, requesting only monetary damages. ECF No. 1 ¶¶ 33–51; ECF No. 22 at 5. Thus, the Court will not consider the replevin and detinue claims here because these causes of action only relate to equitable repossession. Instead, the Court will only address whether U.S. Bank's allegations, when accepted as true, establish Defendants' liability for the breach of contract and guaranty claims.

Under Minnesota law, the elements for a breach of contract claim are "(1) formation of a contract, (2) performance by plaintiff of any conditions precedent to [their] right to demand performance by the defendant, and (3) breach of the contract by

4

defendant." *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011) (quoting *Briggs Transp. Co. v. Ranzenberger*, 299 Minn. 127, 129 (1974)). The legal tests for breach of contract and breach of guaranty are substantively identical. *S. M. Hentges & Sons, Inc. v. Mark Elliot Homes, LLC*, Case No. A22-0736, 2023 WL 125847, at *9 (Minn. Ct. App. Jan. 9, 2023) ("A guaranty agreement is interpreted and enforced in the same manner as other contracts."). U.S. Bank is entitled to default judgment on its breach claims because, assuming the truth of the complaint's allegations, all three elements are met.

First, U.S. Bank and Defendants formed a contract. "The formation of a contract requires communication of a specific and definite offer, acceptance, and consideration." *Thomas B. Olson & Associates, P.A. v. Leffert, Jay & Polglaze, P.A.*, 756 N.W.2d 907, 918 (Minn. Ct. App. 2008). U.S. Bank and Defendants entered into two separate agreements, one on April 28, 2022, and another on June 14, 2022. ECF No. 1 ¶¶ 7, 12; ECF No. 1-2; ECF No. 1-5. U.S. Bank alleges that Defendants agreed to make forty-eight consecutive monthly payments of $1,044.43 in exchange for the financing of one truck, and thirty-six consecutive monthly payments of $1,775.72 in exchange for the financing of another. ECF No. 1 ¶¶ 7–8, 12–13. This exchange of promises satisfies the consideration element of a contract claim. *Powell v. MVE Holdings, Inc.*, 626 N.W.2d 451, 463 (Minn. Ct. App. 2001) ("Consideration is something of value given in return for a performance or promise of performance[.]"). (quotations omitted). Defendants signed documents manifesting their assent to the terms of U.S. Bank's offer. ECF No. 1-2 at 1; ECF No. 1-5 at 4; *see Welsh v. Barnes-Duluth Shipbuilding Co.*, 21 N.W.2d 43, 46 (Minn. 1945) ("The purpose of a signature is to show assent or mutuality."). U.S. Bank and Defendants entered a legally valid contract.

Second, U.S. Bank's performance satisfied the condition precedent of the parties' agreement, which granted it a right to demand performance by Defendants. "A condition precedent is one which is to be performed before the agreement of the parties becomes operative." *Hanson v. Moeller*, 376 N.W.2d 220, 225 (Minn. Ct. App. 1985). U.S. Bank discharged its duty by financing both trucks and therefore satisfied the condition precedent of its agreement with Defendants. ECF No. 1 ¶¶ 11, 16, 26; ECF No. 1-4.

Finally, Defendants breached the terms of their agreement. Boen agreed to make timely payments to U.S. Bank in exchange for financing, and Mr. Bowman agreed to guarantee those payments. *See* ECF No. 1-3 at 1; 1-5 at 1. Boen ceased payment on December 28, 2022, and Mr. Bowman did not make the required payments either. ECF No. 1 ¶¶ 17–20. Both failures to pay were contrary to Defendants' agreements with U.S. Bank.

In summary, accepting its well-pled allegations as true, U.S. Bank has established liability for breach of contract and breach of guaranty.

## B.    Damages

As discussed above the Court must make an independent determination regarding damages and cannot rely only upon the factual allegations in the complaint, but may rely on documentary evidence and affidavits. Here, the parties' agreements largely specify the damages that Defendants owe.

As discussed above, both agreements entitled U.S. Bank, if Defendants defaulted, to the balance of any unpaid amounts and 12% interest. U.S. Bank first claim the principal loan liability Defendants still owed. U.S. Bank has provided payment history documents showing that Defendants made payments of $12,638.17 and a declaration

showing that a total of balance of $99,574.92 remained at the time Boeen ceased

payment. ECF No. 22-7. U.S. Bank is also entitled to interest on the unpaid sum. *See*

*Int'l Painters*, 919 F. Supp. 2d at 687. Pursuant to the parties' agreements, interest is

calculated at a rate of 12% per annum. ECF No. 1-2 at 2. At this rate, total interest

through November 19, 2025, equals $34,606.18 and has continued to accrue at a non-

compounding rate of $32.74 per day. ECF No. 22-8 ¶ 28(b).[2] Thus, combining the

remaining principal and interest, U.S. Bank has shown it is entitled to compensatory

damages of $134,181.10, plus interest from November 19, 2025 up to the date of this

judgment. Applying the same interest rate specified in the parties' agreements and U.S.

Bank's motion for default judgment, $6,613.48 in interest accrued between November

19, 2025 and the date of this judgment (June 9, 2026).

Additionally, U.S. Bank seeks attorneys' fees and costs. A party seeking an award

of attorneys' fees "bears the burden of proof and 'must provide detailed records that

specify the services performed, by whom they were performed, the time expended

thereon, and the hourly rate charged.'" *Nolet v. APS Sol., Inc.,* Case No. 20-cv-70-GJH,

2021 WL 4502811, at *8 (D. Md. Sep. 30, 2021) (quoting *Osorio de Zavala v. Tortilleria*

*El Volcan, LLC*, Case No. 17-cv-3093-CBD, 2019 WL 2366262, at *8 (D. Md. June 4,

2019)) (internal quotations omitted). Attorneys' fees are calculated using the lodestar

method, which is "the number of hours reasonably expended on the litigation multiplied

by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  In

---

[2] The parties' agreements do not appear to specify whether the 12% interest rate is simple or compounding, but U.S. Bank has calculated interest using a fixed, non-compounding rate in its motion for default judgment. ECF No. 22-8 ¶ 28.

deciding whether the number of hours spent and the rate are reasonable, courts consider these twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009) (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)). Where a plaintiff does not present evidence about expended costs or attorneys' fees in pursuit of its claims, the court may, at its discretion, "grant [p]laintiff leave of court to file a motion seeking attorney[s'] fees and costs." *Joe Hand Promotions, Inc. v. Hanaro Bethesda, Inc.*, Case No. 11-cv-191-WGC, 2012 WL 2366378, at *8 n.7 (D. Md. June 12, 2012). Pursuant to the terms of the agreements, U.S. Bank sought recovery of attorneys' fees. ECF No. 1-2 at 2; ECF No. 1-5 at 5; ECF No. 22 ¶ 18. However, U.S. Bank did not submit supporting documentation representing payments to counsel, or provide any information about hours worked or hourly rates. The Court will grant U.S. Bank leave to file a petition for attorneys' fees that contains information concerning the number of hours worked and the rate.

Finally, U.S. Bank seeks post-judgment interest on the compensatory damages. This request will be granted, and interest will be calculated pursuant to 28 U.S.C. § 1961.

8

## IV.    CONCLUSION

For these reasons, the motion for default judgment (ECF No. 22) is granted in part and reserved in part. Defendants are liable to U.S. Bank for breach of contract and thus for compensatory damages. The Court will grant U.S. Bank leave to file supplemental briefing attorneys' fees and costs. A separate order follows.


Date:  June 9, 2026                              _____/s/_____
                                                 Adam B. Abelson
                                                 United States District Judge